IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAPHNE CHAU,

    Plaintiff,

v.

EMC CORPORATION, a Massachusetts corporation, EMC PERIPHERALS, INC., a California corporation, KRISTIE DREW, NICOLE DESMARAIS, SHAYNA FISHER, IVY MILLMAN, and DAVID NOY, and DOES 1 THROUGH 100, inclusive,

    Defendants.

No. C 13-04806 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO CHANGE VENUE AND VACATING JANUARY 2 HEARING**

## INTRODUCTION

In this action asserting claims of discrimination, harassment, and retaliation under California's Fair Employment and Housing Act, as well as other state-law claims, both sides have filed motions. Defendants move (1) to dismiss and strike the complaint, and (2) to compel arbitration and dismiss this matter, or alternatively, to stay proceedings; in addition, plaintiff moves (3) to remand this matter and obtain attorney's fees and costs, or alternatively, to change venue. To the extent stated below, the motion to change venue is **GRANTED**. The hearing previously set for January 2, 2014 is **VACATED**.

**STATEMENT**

On September 9, 2013, plaintiff Daphne Chau filed her complaint in the Superior Court of Santa Clara County. In addition to other state-law claims, the complaint alleges discrimination, harassment, and retaliation under California's Fair Employment and Housing Act. Defendants are plaintiff's former employers, managers, and other co-workers.

On October 16, 2013, defendants removed this action to the San Jose Division of the Northern District of California. On October 21, 2013, defendants filed their declination to proceed before Magistrate Judge Howard Lloyd, and the case was then reassigned to Judge Jeremy Fogel, according to a case assignment history report. Because Judge Fogel is currently on leave, an Executive Committee Order dated August 2, 2011 has designated that all new civil cases assigned to Judge Fogel are to be randomly reassigned on a district-wide basis to other active district judges. The result here is that on October 22, 2013, the undersigned judge was selected to handle the present matter.

The order now considers plaintiff's motion to change venue, given that the resolution of this motion determines whether to address the other motions submitted by the parties.

**ANALYSIS**

Plaintiff argues — and defendants do not dispute — that this action should be transferred to the San Jose Division because the complaint was originally filed in Santa Clara County. For support, she cites to statutory and local rules that govern the division and assignment of civil actions among judges. *See* 28 U.S.C. 137; General Order No. 44; *and* Civil Local Rules 3-2, 3-3.

It is true that under these rules, it would appear that this action should have been assigned to a San Jose district judge. But these authorities do not permit such a transfer now, in light of the Executive Committee Order mentioned above.

Nonetheless, plaintiff is not without relief for her motion to change venue. Our court of appeals has stated that it is "the long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. [] 1404(a), so long as the parties are first given the opportunity to present their views on the issue." *Costlow v.*

*Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). In governing changes in venue, Section 1404(a) provides (emphasis added):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or *to any district or division to which all parties have consented.*

Both sides have already stated that the San Jose Division is the proper place for this action, through defendants' notice of removal to that division and plaintiff's present motion to change venue. The issue therefore becomes whether Section 1404(a) permits a transfer of this action to San Jose, based on a consideration of private-interest factors — which go to "the convenience of parties and witnesses" part — as well as public-interest factors — which go to the "interests of justice" part. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

The private-interest factors include a plaintiff's choice of forum, the ease of access to sources of proof, and the relative convenience to the parties and witnesses. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986). In viewing these factors together, the order finds that they support transfer. This is largely because of the presumption in favor of a plaintiff's choice of forum — Santa Clara County in this case — such that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Ibid.* Here, defendants do not dispute the issue of venue; indeed, they concede in both their notice of removal and their opposition to plaintiff's remand motion that venue lies with the San Jose Division. Moreover, plaintiff resides in Santa Clara County, as do two individual defendants who allegedly harassed and retaliated against plaintiff while they were employed in that county by defendants EMC Corporation and EMC Peripherals, Inc. (Compl. ¶¶ 1, 10, 11). As such, the ease of access to sources of proof and the relative convenience to the parties and witnesses also tip in favor of transfer at this point.

The public-interest factors include degrees of court congestion, local interest in deciding local controversies, potential conflict of laws, and burdening citizens of an unrelated forum with jury duty. *Decker Coal Co.,* 805 F.2d at 843. On balance, the public-interest factors also support transfer, given that plaintiff and at least some defendants are residents of Santa Clara

3

County. The San Jose Division would therefore have an interest in adjudicating claims involving its residents.

In light of the factors under Section 1404(a), as well as the parties' agreement that venue lies in the San Jose Division, plaintiff's motion to change venue is **GRANTED**. As a result, the order does not reach the parties' other motions.

## CONCLUSION

To the extent stated above, plaintiff's motion to change venue is **GRANTED**. This is without prejudice to the parties' other pending motions being brought before a San Jose district judge for resolution. The hearing previously set for January 2, 2014 is accordingly **VACATED**. The Clerk shall randomly **REASSIGN** this action to a district judge in the San Jose Division (other than Judge Fogel).

**IT IS SO ORDERED.**

Dated: December 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE